UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUZANNE BROWNELL,

    Plaintiff,

v.                                   Case No:   2:13-cv-173-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

This cause is before the Court on Plaintiff's Complaint (Doc. 1) filed on March 7, 2013. Plaintiff, Suzanne Brownell seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **Reversed and Remanded** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

    **I.   Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.   Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy.  42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.  Procedural History

On October 13, 2006, Plaintiff filed an application for disability, disability insurance benefits, and supplemental security income asserting a disability onset date of August 1, 2006. (Tr. p. 170-184). Plaintiff's application was denied initially on January 22, 2007, and denied upon reconsideration on June 12, 2007. (Tr. p. 95-98). The first hearing was held before Administrative Law Judge Dawn B. Lieb on February 26, 2008.  (Tr. p. 32-78).   ALJ Lieb issued an unfavorable decision on September 17, 2008.  (Tr. p. 101-114).  On August 17, 2010, the Appeals Council entered an Order which remanded this case to the ALJ for further consideration.  (Tr. p. 116-118). On April 21, 2011, a second hearing was held before ALJ Larry J. Butler ("ALJ").   (Tr. p. 79-94). The ALJ issued an unfavorable decision on June 10, 2011.  (Tr. p. 14-25). The Appeals Council denied Plaintiff's request for review on January 17, 2013.  (Tr. p. 1-5). The Plaintiff filed a Complaint (Doc. 1) in the United States District Court on March 7, 2013.  This case is now ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (Doc.27).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.  *Packer v. Commissioner of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013)[1] (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   An ALJ must

---

[1] Unpublished opinions may be cited as persuasive on a particular point.   The Court does not rely on unpublished opinions as precedent.   Citation to unpublished opinions on or after January 1, 2007 is expressly

- 2 -

determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through September 30, 2009. (Tr. p. 16). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2006, the alleged onset date. (Tr. p. 16). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: hepatitis C, lumbar degenerative disk disease, knee pain, and hip pain, citing 20 C.F.R. §404.1520(c) and 416.920(c). (Tr. p. 16). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (Tr. p. 19). At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform a wide range of light work which includes lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking for 6 hours total in an 8-hour workday, sitting for 6 hours total in an 8-hour workday, occasionally balancing, stooping, kneeling, crouching, crawling, and, climbing ramps, stairs, ropes, ladders, and scaffolds. (Tr. p.

---

permitted under Rule 31.1, Fed. R. Ap. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

19, 23). The ALJ found that plaintiff is capable of performing her past relevant work as an insurance clerk, and that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. p. 24). The ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act, from August 1, 2006 through the date of the decision. (Tr. p. 24).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises four issues on appeal.   As stated by Plaintiff they are:

1) Whether the ALJ erred in determining that the Plaintiff could perform the full range of light work given the fact that the ALJ conceded that claimant had numerous "postural" limitations to only "occasional" balancing, stooping, kneeling, crouching, crawling, climbing, as well as "moderate" mental limitations as evidenced her GAF scores of between 54-60, which the ALJ defined as "moderate difficulty in social, occupational, or school functioning." (T18).

2) Whether the ALJ properly determined that the Plaintiff can perform her past relevant work as generally and actually performed given that the Plaintiff's work at question involved processing insurance claims over the telephone using a computer whereas the job identified by the ALJ involved compiling insurance policies and did not involve any talking; and given that the Plaintiff's work at issue involved sitting for 8-hours in an 8-hour workday and the ALJ limited the Plaintiff to 6 hours of sitting in an 8-hour workday.

3) Whether the ALJ's decision was based on the substantial evidence given that Commissioner's regulations require the ALJ to consider all of the claimant's medically determinable impairments and the ALJ here failed to consider the Plaintiffs panic disorder, and in spite of the Appeals Council instructions to specifically consider Plaintiff's ability to perform basic work activities, conclusively concluded that the Plaintiff has no limitations in social functioning, when the evidence in the record indicated that the Plaintiff has a problem getting along with people during the times she is depressed and given that medical records indicate that the Plaintiff has inappropriate affect, anxious mood, pressured speech, and has auditory hallucinations.

4) Whether the ALJ's failure to impose limitations associated with the cane in the RFC assessment is supported by substantial evidence, given that Dr. Berdick prescribed the Plaintiff's cane and there was objective evidence -- which the ALJ simply overlooked-----to support the prescription such as Dr. Kagan's opinion that the Plaintiff needs a total right knee replacement and Dr. Griswold's observations that the Plaintiff has left leg weakness and atrophy in the left hamstring, left quad, and left buttock as well as atrophy in her right leg.

**A.  Full Range of Light Work**

Plaintiff argues that the ALJ erred in finding that Plaintiff could perform a full range of light work which conflicts with his finding that Plaintiff had numerous postural limitations, such

as only occasionally balancing, stooping, kneeling, crouching, crawling, and climbing ramps, stairs, ropes, ladders, and scaffolds.   The Commissioner asserts that Plaintiff's argument is based upon an ALJ using the Medical Vocational Grids, whereas here, the ALJ determined that Plaintiff could return to her past relevant work and did acknowledge that Plaintiff has postural limitations.  In the instant case, the ALJ determined, not as Plaintiff alleges that she could perform a full range of light work, but rather that she could perform a "wide range of light work."   (Tr. p. 23).

    Light work is defined as:

    (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. 404.1567, 416.967.   Pursuant to SSR 85-13[2], light work may require a person to stoop (which is bending the body downward and forward by bending the spine at the waist) occasionally in order to lift objects, however, if stooping kneeling or crawling are required more than occasionally then these jobs would be classified as medium, heavy or very heavy jobs. SSR 85-013 (2b).   The postural limitations listed by the ALJ are considered in the definition of light work, and therefore, the ALJ did not err in determining that Plaintiff could perform a wide range of light work even though she has the postural limitations set forth by the ALJ.

---

    2 "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted].   Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ."   *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

Plaintiff argues that the ALJ erred in not finding Plaintiff's Global Assessment of Function ("GAF") scores to show that Plaintiff had moderate difficulties in social, occupational, or school functioning. The Commissioner responds that the ALJ considered Plaintiff's GAF scores when making his determination. The ALJ did cite to the Diagnostic and Statistical Manual of Mental Disorders when stating that GAF scores in the range of 51 – 60 "reflect only moderate symptoms or moderate difficulty in social, occupational, or school functioning." (Tr. p. 18). However, the ALJ determined that Plaintiff had mild limitations in daily living, social functioning, and concentration, persistence or pace. (Tr. p. 18). Plaintiff cites to *McCloud v. Barnhart*, 166 F. App'x 410 (11th Cir. 2006) for the proposition that the ALJ must determine the weight he places on a GAF score.

"The GAF Scale describes an individual's overall psychological, social, and occupational functioning as a result of mental illness, without including any impaired functioning due to physical or environmental limitations." *Mathis v. Astrue*, 2008 WL 876955, *7, n. 4 (M.D. Fla. March 27, 2008) (citing Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") (4th ed. 1994) at 32). A GAF score is a subjective determination based on a clinician's judgment of a person's overall level of functioning. *Wilson v. Astrue*, 653 F. Supp. 2d 1282, 1293 (M.D. Fla 2009) (citation omitted). Even though GAF scores have been cited in social security cases, "the Commissioner has declined to endorse the GAF score for 'use in the Social Security and SSI disability programs,' and has indicated that GAF scored have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Wind v. Barnhart*, 133 F. App'x 684, 692 n.5 (11th Cir. 2005) (citations omitted). A low GAF score by itself is not necessarily determinative of a severe mental impairment. *Bailey v. Astrue*, 2010 WL 3220302, *8 (M.D. Fla. Aug. 13, 2010).

In the instant case, the ALJ did consider Plaintiff's GAF scores. The ALJ found after considering the GAF scores as well as the record as a whole, that Plaintiff had only mild limitations in daily living, social functioning, and concentration, persistence or pace. The ALJ did not err in determining Plaintiff could perform a wide range of light work with her GAF scores.

Next, Plaintiff asserts that the ALJ erred in not finding Plaintiff's mental impairments severe at step two of the sequential evaluation. At this step, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In the instant case, the ALJ determined that Plaintiff has the following severe impairments: hepatitis C, lumbar degenerative disk disease, knee pain, and hip pain. (Tr. p. 16). The ALJ carefully considered Plaintiff's mental impairments in combination with Plaintiff's other impairments. However, the ALJ failed to include Plaintiff's impairments of panic disorder and auditory hallucinations as discussed in part II. C of this Opinion and Order, and therefore, remand is warranted for the Commissioner to evaluate all of Plaintiff's impairments in combination.

### B. Past Relevant Work

Plaintiff asserts that the ALJ erred in determining that Plaintiff could return to her past relevant work as an insurance clerk, semi-skilled with an SVP of 4 at a sedentary level of exertion. (Tr. p. 24). The ALJ determined that Plaintiff could perform this job as she actually performed it or as it is generally performed. (Tr. p. 24). Plaintiff argues that the RFC was inconsistent with the requirements of Plaintiff's past relevant work as she performed it; and the ALJ improperly classified Plaintiff's past relevant work as an insurance clerk. The Commissioner asserts that even if Plaintiff's RFC is inconsistent with the requirements of the insurance clerk job, the ALJ found Plaintiff could perform the work as generally performed in the economy. The Commissioner also argues that the even if the ALJ improperly classified Plaintiff's past relevant work, it is not reversible error because Plaintiff failed to meet her burden to show that she cannot perform her past relevant work.

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x. 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)). Even though a plaintiff has the burden of showing she can no

longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386 *4 (1982). A plaintiff is the primary source for vocational information, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3.

An ALJ must consider all of the duties of a plaintiff's past relevant work and evaluate a plaintiff's ability to perform that work in spite of his impairments. *Levie v. Comm. of Soc. Sec.*, 514 Fed. App'x. 829, 830 (11th Cir. 2013). At the fourth step of the sequential evaluation, the burden lies with Plaintiff to show that he cannot return to his past relevant work. *Id*. *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007).

In the instant case, Plaintiff provided that in her past relevant work she processed insurance claims over the telephone using a computer. (Tr. p. 238). She was required to sit for 8 hours in and 8-hour workday. (Tr. p. 238). In the ALJ's RFC, the ALJ determined that Plaintiff was limited to sitting for 6 hours in an 8-hour workday. Therefore, the Plaintiff would be unable to perform her past relevant work which required that she sit for a total of 8 hours in an 8-hour workday, and her RFC does not permit a return to her past relevant work as she actually performed it.

The ALJ determined that plaintiff's past relevant work is as an insurance clerk, and she could perform this work as it is generally performed. Plaintiff's past relevant work was to process insurance claims over the telephone using a computer. An insurance clerk, DOT 219.387-014, has the primary duty of compiling records of insurance policies covering risks to property and equipment of industrial organizations. (Doc. 24, Exh. A). The past relevant work as described by Plaintiff does not comport with the description of an insurance clerk and the duties of an insurance clerk. The ALJ failed to reconcile the testimony of Plaintiff as to her past relevant work with the duties of an insurance clerk. Therefore, the Court will remand this case for the ALJ to properly consider Plaintiff's past relevant work in combination with Plaintiff's RFC.[3]

### C. Panic Disorder, Auditory Hallucinations

Plaintiff argues that the ALJ erred in failing to consider Plaintiff's panic attacks and auditory hallucinations in determining the RFC. The Commissioner asserts that even though Plaintiff was diagnosed with panic attacks, a diagnosis by itself does not show the severity of the impairment or the limitations for work. At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work,

---

3 Plaintiff also argues that the ALJ failed to comply with the Appeals Council's remand Order. The Appeals Council reviewed the ALJ's Decision, and found that it did not warrant review. The Court gives great deference to the Appeals Council to enforce its own decisions, and does not find remand warranted on this issue.

the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e). An ALJ must consider all of a claimant's mental impairments which are sufficiently severe in combination with all of a claimant's impairments. *Hurley v. Barnhart*, 385 F. Supp. 2d 1245, 1256 (M.D. Fla. 2005). The ALJ failed to mention Plaintiff's panic attacks and auditory hallucinations. Therefore, the Court is remanding this issue for the Commissioner to evaluate Plaintiff's panic disorder and auditory hallucinations.

**D. Use of a Cane**

Plaintiff argues that the ALJ failed to properly consider Plaintiff's use of a cane. The Commissioner responds that the medical records in support of using a cane were not substantial, and the ALJ specifically mentioned Dr. Berdick's treating notes which were mainly illegible and his prescription for the cane, but found that there was no supporting clinical findings to indicate a cane was necessary. (Tr. p. 23). Social Security Ruling 96-9p states that a hand-held assistive device is medically required where medical documents "establish the need for a hand-held assistive devise to aid in walking or standing, and describe the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7 (1996).

The ALJ found that even though Kenneth Berdick, M.D. prescribed a walking cane for Plaintiff, "there are no supporting clinical findings or laboratory diagnostic techniques demonstrating any significant functional limitations or the need for a walking cane." (Tr. p. 23). John C. Kagan, M.D. saw Plaintiff on September 10, 2007. (Tr. p. 788). Dr. Kagan found that Plaintiff has a permanent injury as a result of a car accident to her right knee and determined that she has a permanent impairment. (Tr. p. 788-89). Dr. Kagan gave a prognosis that she will need to consider a right knee replacement. (Tr. p. 528,788). On October 5, 2010, Plaintiff went to First

Choice Pain Care Clinic of Southwest Florida and saw Amy Griswold, M.D. (Tr. p. 769). Dr. Griswold diagnosed Plaintiff with muscle atrophy in the left buttock, left hamstrings, and left quads. (Tr. p. 769). Plaintiff's gait was abnormal with a weak left leg. (Tr. p. 769). Dr. Griswold found that Plaintiff's muscle atrophy in the right leg was not as bad as in the left. (Tr. p. 769). Dr. Berdick saw Plaintiff from January 19, 2011 through April 15, 2011, however his medical records are nearly illegible. (Tr. p. 820-824). On April 15, 2011, Dr. Berdick prescribed a walking cane for Plaintiff. (Tr. p. 820). The Court determines that there are medical records that establish the need for Plaintiff to use a cane as a hand-held assistive devise to aid in walking or standing due to her right knee problems stemming from the car accident and her left side muscle atrophy. Therefore, on remand, the ALJ shall take into consideration Plaintiff's need for a cane when determining Plaintiff's RFC and the jobs she is able to perform.

### III.   Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the Decision of the ALJ was supported by substantial evidence in considering Plaintiff's postural limitations and GAF scores, however, the Court determines that the Decision of the ALJ was not supported by substantial evidence as to all the other issues raised in this case.

**IT IS HEREBY ORDERED:**

1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to consider Plaintiff's past relevant work; Plaintiff's panic disorder and auditory hallucinations, singly and in combination with Plaintiff's other impairments; and Plaintiff's use of a hand-held assistive device.

2) If Plaintiff prevails in this case on remand, the Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-cmc-124-Orl-22.

3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 26, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties